```
          IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
BERNARD F. FORD
                                *

                                *
     Plaintiff,
v.                              *     CIVIL NO.: WDQ-04-3608

LT. BRENDA BERTRAM,             *
et al.
                                *

     Defendants.                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

Bernard F. Ford sued Lieutenant Brenda Bertram and Sergeant Lisa Hooper for violation of Section 1983 of Title 42 of the United States Code[1] ("Section 1983") and various tort and constitutional claims in violation of Maryland law. Pending is the Defendants' motion to dismiss for failure to state a claim. For the following reasons, the Defendants' motion to dismiss will be granted, and the Court will decline supplemental jurisdiction over the state law claims. *See Jinks v. Richland County*, 538 U.S. 456, 460 (2003).

I.   BACKGROUND

---

[1] 42 U.S.C. §1983 (2005).

1

Ford was a correctional officer with the Maryland Department of Public Safety and Correctional Services (the "Department"). *See* Complaint at ¶ 1.  A secretary employed by the Department alleged that on October 15, 2002, Ford sexually assaulted her in his office. *Id.* at ¶ 10.  On October 17, the Defendants, members of the Department's Internal Investigation Unit, investigated the allegation. *Id.*  The Defendants interrogated Ford and instructed him to surrender his uniform pants as evidence.  *Id.*

During Ford's questioning and detention, he requested the assistance of counsel.  *Id.* at ¶ 37.  Although he was allowed to talk to his attorney by telephone, the interrogation did not cease. *Id.*  Ford attempted to leave at least four times and was arrested and charged with obstructing and hindering an investigation.  *Id.* at ¶¶ 13, 18.

Ford asserts that the Defendants' conduct violated §1983.  On November 12, 2004, Ford filed this suit.

## II. LEGAL DISCUSSION

A.      Motion to Dismiss

1.    Standard of Review

A Fed.R.Civ.P. 12 (b)(6) motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the

2

allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), *(citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). All allegations are treated as true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Raj Matkari*, et. al., 7 F.3d 1130, 1134 (4th Cir. 1993). If any possible basis for relief has been pled, the Court must deny the motion to dismiss. *Garland v. St. Louis*, 596 F.2d 784 (8th Cir. 1979), *cert. denied*, 444 U.S. 899 (1979); *Swierkiewicz*, 534 U.S. at 514.

    2.   Section 1983

Section 1983 provides a remedy for "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983 (2005).

Ford contends that the Defendants violated his Fourth, Fifth, Sixth and Fourteenth Amendment rights.[2] The Defendants argue that these claims should be dismissed because they are entitled to qualified immunity.

Government officials are generally entitled to

---

[2] As state officials are not subject to §1983 liability in their official capacities, the Court will assume that the Plaintiff's suit is against the Defendants' in their individual capacities only. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).

3

qualified immunity from suit for acts committed in their performance of discretionary functions unless their conduct violates clearly established constitutional rights.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  To avoid dismissal, a plaintiff must allege facts which, if true, would prove a violation of clearly established constitutional rights of which a reasonable person would have known.  *Id.*

To determine whether the Defendants are entitled to this defense, the Court must:

> (1) identify the "specific right allegedly violated";
> (2) determine "whether at the time of the alleged
>  violation the right was clearly established"; and
> (3) if so, then decide "whether a reasonable person in
> the officers' position would have known that doing
> what they did would violate that right."

*Schultz v. Braga*, 290 F.Supp. 2d 637, 647 (D. Md. 2003) (*quoting Pritchett v. Alford*, 973 F.2d 307, 312 (4th Cir. 1992)).  Reasonableness is determined in light of the information which the officer actually possessed--or that was then reasonably available to him--at the time of the alleged violation, exigencies of time and circumstance that reasonably may have affected the officer's perceptions are also considered.  *Id*. at 647-48.

(A)  Fourth Amendment

The Fourth Amendment protects people against

4

unreasonable searches and seizures.  U.S. Const. Amend. IV.  To be reasonable, a seizure must be based upon probable cause.  *Wilson v. Kittoe*, 337 F.3d 392, 398(4th Cir. 2003).  Probable cause "means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Id.*

Ford alleges that the Defendants seized his pants without a warrant and without probable cause, therefore, rendering the seizure unreasonable.  Although the seizure of the Plaintiff's pants may have been embarrassing, under the circumstances, the Defendants acted reasonably.

According to the complaint, the Defendants were investigating a sexual assault that occurred on the Department's premises two days before.  Given the nature of the incident, the pants may have contained DNA evidence.  Additionally, because the seizure may have prevented the destruction of evidence, a warrantless seizure was permissible. *See U.S. v. Grisett*, 925 F.2d 776, 778 (4th Cir. 1991) ("Exigent circumstances can arise when the evidence might be destroyed before a search warrant could be obtained").

Ford contends that his arrest was also unreasonable.  The

5

Plaintiff's allegations, however, reveal that during the investigation he attempted to flee the room at least four times. The Plaintiff's arrest for obstruction was reasonable.

Accordingly, Ford's Fourth Amendment claim will be dismissed.

(B)   Fifth and Sixth Amendments

The right to counsel during custodial interrogation is based on the Fifth and Sixth Amendments. *Michigan v. Jackson*, 475 U.S. 625, 630 (1986).  When a suspect has invoked his right to counsel, subsequent conversations must be initiated by him. *Solem v. Stumes*, 465 U.S.638, 642 (1984).  Neither Amendment, however, is violated until the Government elicits incriminating evidence and attempts to use that evidence against the Defendant. *See Weatherford v. Bursey*, 429 U.S. 545, 558 (1977); *U.S. v. Washington*, 431 U.S. 181, 247 (1977).  As Ford does not allege that incriminating statements were obtained after he invoked his right to counsel, he has failed to allege a necessary element of his Fifth and Sixth Amendment claims: injury.

(C)   Fourteenth Amendment

The Fourteenth Amendment guarantees due process and equal protection under the law. U.S. Const. Amend. XIV.

Ford contends that he was deprived of due process, because he was not informed of the nature of, and reason for, the Defendants' investigation.  However, the Plaintiff acknowledges that the Defendants informed him that his pants were being seized

6

as evidence of a sexual assault.  Moreover, Ford's complaint contains several references to the Defendants' lengthy questioning regarding his involvement in the alleged incident.  Clearly, he was informed of the nature of the allegations against him.

Ford also contends that he was deprived of equal protection but does not allege any facts supporting this claim. *See Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989) ("Court need not accept unsupported legal conclusions").  Ford has, therefore, failed to allege a Fourteenth Amendment violation.

## CONCLUSION

For the reasons discussed above, the Defendants' motion to dismiss will be granted.

<u>June 28, 2005</u>             _____/s/_____
Date                         William D. Quarles, Jr.
                             United States District Judge